UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
LOUIS SERRANO,

        Plaintiff,

  -against-                                          **COMPLAINT**

THE CITY OF NEW YORK, AWILDA MARINO,
and JOHN DOES #1-3, each in their individual        13cv6105
capacities,

        Defendants.

Demand for Jury Trial
----------------------------------------------------------------X

Plaintiff Louis Serrano, by and through his attorneys LeBow & Associates, PLLC, complains of the Defendants, and each of them, as follows:

## PRELIMINARY STATEMENT

Plaintiff Louis Serrano brings this action under 42 USC §§1983 and 1988 to redress Defendants' violations of his Constitutional rights. Defendants other than the City of New York are New York City Police Department officers who were acting under the color of state law.

Specifically, on or about May 17, 2012, Defendant NYPD officers Marino and Does #1-3 wrongfully arrested and charged Plaintiff without probable cause, and used excessive force against Plaintiff, all in violation of his Fourth Amendment rights. Marino and Does #1-3 knew that Plaintiff had not committed any crime other than a traffic violation not resulting in arrest, and nevertheless acted to arrest and charge Plaintiff, and to use excessive force against Plaintiff, who was not resisting arrest or posing any threat to the officers or anyone else on the scene. Plaintiff therefore asserts causes of action against Marino and Does #1-3 for false arrest and false imprisonment, malicious prosecution, and excessive force.

1

Plaintiff asserts a claim against the City of New York based upon entity liability, and allege that the City of New York maintained certain policies, customs, and practices regarding the hiring, training, supervision, and disciplining of police officers that demonstrated a deliberate indifference towards the constitutional rights of Plaintiff and others, and that directly and proximately caused the violations of Plaintiff's Fourth Amendment rights complained of herein.

Plaintiff seeks compensatory and punitive damages from Defendants Marino and Does #1-3, and compensatory damages from Defendant City of New York.

## II. JURISDICTION AND VENUE

1. This Court has federal question jurisdiction over the civil rights claims asserted herein against Defendants Marino, Does, and the City of New York pursuant to 28 U.S.C. §§1331 and 1343(a)(3).  Venue in this district is proper because a substantial part of the events giving rise to the claims described herein occurred in the Southern District of New York.

## III. PARTIES

2. At all times relevant herein, Plaintiff Louis Serrano was a resident of 364 Huntington Avenue, 2nd Floor, Bronx, NY 10465, and a citizen of the United States.

3. At all times relevant herein, Defendant Awilda Marino was a police officer employed by the New York City Police Department ("NYPD") and assigned to the 25th Precinct in the East Harlem neighborhood of Manhattan.

4. At all times relevant herein, Defendants John Does #1-3 were police officers employed by the NYPD and assigned to the 25th Precinct.

5. At all times relevant herein, the City of New York was a municipal corporation existing under the laws of the State of New York.  As such, it maintains a police department, and has enacted

rules, regulations, and policies as well as maintaining customs and practices concerning the hiring, termination, training, discipline, and conduct of the officers it employs.

## IV. STATEMENT OF FACTS

6. At all times relevant herein, Plaintiff Louis Serrano was a citizen of the United States and a resident of Bronx, NY.

7. At all times relevant herein, Defendant Awilda Marino was an NYPD officer assigned to the 25th Precinct.

8. At all times relevant herein, Defendants John Does #1-3 were NYPD officers assigned to the 25th Precinct.

9. On or around 5:45 PM, on or about May 17, 2012, Plaintiff was driving his truck around 5th Avenue and 120th Street in the East Harlem neighborhood of New York, NY.

10. On or around that time, Marino and her partner Doe #1 were driving around the same location.

11. Plaintiff accidentally went the wrong way down a one-way street, and tried to make a U-turn.

12. Before Plaintiff could finish his U-turn, Marino pulled Plaintiff over for making a wrong turn down a one-way street.

13. Plaintiff asked Marino to forgive his mistake because he was unfamiliar with the area.

14. Doe #1 flung Plaintiff's door open, pulled him out of his truck, and attempted to push him to the ground.

15. Doe #2 and Doe #3 came on the scene.

16. Plaintiff asked Doe #1 what he was doing, and Does #1, #2, and #3 continued to assault Plaintiff with punches, nightsticks, and flashlights.

17. Marino sprayed Plaintiff with Mace.

18. Does #1-3 knocked out eight of Plaintiff's teeth, cut his lip so badly that he required stitches, and caused him to incur bruises all over his body.

19. Plaintiff attempted to flail his arms to avoid being beaten any further.

20. Plaintiff was arrested, and based on testimony from Marino and Does #1-3, was charged with assault and resisting arrest.

21. Plaintiff's assault charge was dismissed, and he pled guilty to resisting arrest and was sentenced to time served.

## V. FIRST CAUSE OF ACTION - FALSE ARREST AND FALSE IMPRISONMENT

22. Plaintiff repeats, reiterates, and reaffirms each and every allegation contained in paragraphs 1 through 21 of this Complaint with the same force and effect as though fully set forth herein.

23. As a result of the actions of Defendants Marino and Does #1-3, which began on or about May 17, 2012, the Plaintiff was deprived of his rights under the United States Constitution and federal civil rights law. Plaintiff's rights are secured by the Fourth Amendment to the United States Constitution and 42 U.S.C. §1983.

24. The actions of Defendants Marino and Does #1-3 were committed under the color of law and were intentional and willful.

25. On or about May 17, 2012, Marino and Does #1-3 intended to confine Plaintiff.

26. On or about May 17, 2012, Plaintiff was conscious of being confined.

27. On or about May 17, 2012, Plaintiff at no time consented to being confined by Marino and Does #1-3, but cooperated with them because they were NYPD officers acting in an official capacity.

28. On information and belief, Marino and Does #1-3 knew or should have known that Plaintiff did not assault Marino, Doe #1, or anyone else.

29. In view of the fact that Marino and Does #1-3 did not possess sufficient information for a reasonable person to believe that Plaintiff had committed assault, and had no reason to believe that Plaintiff had committed any other crime, other than a minor traffic offense not resulting in arrest, they therefore did not possess knowledge sufficient for a reasonable person to believe that Plaintiff was committing or had committed a crime at the time of his arrest.

30. In view of the fact that Marino and Does #1-3 did not possess information upon which a reasonable person could have believed that Plaintiff had committed or was committing a crime at the time of arrest, Marino and Does #1-3 did not have probable cause to arrest and confine Plaintiff.

31. Neither on nor about May 17, 2012, nor at any other relevant time herein, did Marino or Does #1-3 possess a warrant for Plaintiff's arrest and confinement.

32. Neither on nor about May 17, 2012, nor at any other relevant time herein, did a warrant for Plaintiff's arrest and confinement exist.

33. In view of the fact that Marino and Does #1-3 intended to confine Plaintiff, Plaintiff was conscious of his confinement, Plaintiff did not consent to his confinement, and his confinement was not privileged since it was not conducted pursuant to a warrant or probable cause, Plaintiff's confinement was therefore unlawful and actionable under 42 U.S.C. §1983.

34. The actions of Marino and Does #1-3 amounted to false arrest and false imprisonment under 42 U.S.C. §1983 and the Fourth Amendment of the United States Constitution.

35. As a direct and proximate result of Plaintiff's false arrest and false imprisonment, Plaintiff was caused to suffer a loss of freedom and liberty, great mental anguish, emotional distress, and public humiliation, and was further caused to experience fear of physical harm and violence.

## VI. SECOND CAUSE OF ACTION - MALICIOUS PROSECUTION

36. Plaintiff repeats, reiterates, and reaffirms each and every allegation contained in paragraphs 1 through 35 of this Complaint with the same force and effect as though fully set forth herein.

37. As a result of the actions of Defendants Marino and Does #1-3, which began on or about May 17, 2012, the Plaintiff was deprived of his rights under the United States Constitution and federal civil rights law. Plaintiff's rights are secured by the Fourth Amendment to the United States Constitution and 42 U.S.C. §1983.

38. On or about May 17, 2012, based on testimony from Marino and Does #1-3, Plaintiff was charged with assault.

39. Plaintiff's assault charge was dismissed.

40. On information and belief, Marino and Does #1-3 knew or should have known that Plaintiff did not assault Marino, Doe #1, or anyone else.

41. In view of the fact that Marino and Does #1-3 did not possess sufficient information for a reasonable person to believe that Plaintiff had committed assault, they therefore did not have probable cause to charge Plaintiff with assault.

42. Marino and Does #1-3 caused charges to be initiated against Plaintiff due to seeking retaliation against him, or otherwise for reasons other than seeking justice in accordance with the law.

43. Marino and Does #1-3's causing the initiation of criminal proceedings against Plaintiff for assault without probable cause and for a motive other than seeking justice in accordance with the law was an act of actual malice against Plaintiff.

44. Plaintiff suffered post-arraignment restrictions on his liberty when he was imprisoned on the assault charge before it was dropped.

45. As a direct and proximate result of the malicious prosecution of Plaintiff, Plaintiff was caused to suffer a loss of freedom and liberty, great mental anguish, emotional distress, and public humiliation, and was further caused to experience fear of physical harm and violence.

46. The actions of Marino and Does #1-3 amounted to malicious prosecution under 42 U.S.C. §1983 and the Fourth Amendment of the United States Constitution.

## VII. THIRD CAUSE OF ACTION- EXCESSIVE FORCE

47. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 46 of this Complaint with the same force and effect as though fully set forth herein.

48. As a result of the actions of Marino and Does #1-3, which began on or about May 17, 2012, Plaintiff was deprived of his rights under the United States Constitution and federal civil rights law.  Plaintiff's rights are secured by the Fourth Amendment and 42 U.S.C. §1983.

49. The actions of Marino and Does #1-3 were committed under the color of law and were intentional and willful.

50. That at all times mentioned herein, Defendants Marino and Does #1-3 acted without privilege or authorization of law, and with the specific intent to deprive Plaintiff of his rights under the United States Constitution and federal civil rights law.

51. That at all times mentioned herein, Defendants Marino and Does #1-3 either knew or should have known that they were violating Plaintiff's rights under the United States Constitution and federal civil rights law.

52. On or about May 17, 2012, Doe #1 flung Plaintiff's door open, pulled him out of his truck, and attempted to push him to the ground, Does #1, #2, and #3 assaulted Plaintiff with punches, nightsticks, and flashlights, and Marino sprayed Plaintiff with Mace.

53. On information and belief, Plaintiff attempted to flail his arms to stop the beating, but did not resist his arrest or strike or attempt to strike at the officers, nor did he take actions that a reasonable officer could perceive as providing resistance to arrest or as attempting to strike at the officers.

54. On information and belief, Doe #1 attempted to push Plaintiff to the ground, Does #1-3 repeatedly assaulted Plaintiff with punches, nightsticks, and flashlights, and Marino sprayed Plaintiff with Mace, despite the fact that Plaintiff was complying with the officers' commands, and was not resisting or attempting to strike the officers.

55. On information and belief, Does #1-3 knocked out eight of Plaintiff's teeth, cut his lip so badly that he required stitches, and caused him to incur bruises all over his body.

56. A reasonable officer in the position of Marino and Does #1-3 would have no reason to believe that Plaintiff was committing, or was in the course of committing, a violent felony offense, based on the information available to them at the time they used force against Plaintiff.

57. A reasonable officer in the position of Marino and Does #1-3 would have no reason to believe that Plaintiff posed a threat of serious bodily injury to either of them or to anyone else in the area, or was resisting arrest or actively attempting to evade arrest by flight, based on the information available to them at the time they used force against Plaintiff.

58. A reasonable officer in the position of Marino and Does #1-3 would not have employed the same degree of force against Plaintiff as did Marino and Does #1-3, in light of (A) the severity of any crimes that Marino and Does #1-3 could reasonably have perceived that Plaintiff had committed or was in the course of committing, based on the information then available to them; (B) the fact that a reasonable officer could not have perceived that Plaintiff posed an immediate threat to the safety of Marino, Does #1-3, or anyone else on the scene; and (C) the fact that Plaintiff was not actively resisting arrest or attempting to evade arrest by flight, nor could a reasonable officer perceive Plaintiff's actions as doing so.

59. The degree of force that Marino and Does #1-3 used against Plaintiff was objectively unreasonable and excessive, and violated Plaintiff's Fourth Amendment rights.

60. Marino and Does #1-3 knew or should have known that the nature and degree of force used upon Plaintiff was unreasonable, excessive, and in clear violation of Plaintiff's rights under the Fourth Amendment to the United States Constitution and federal civil rights law.

61. The actions of Marino and Does #1-3 therefore amounted to excessive force under 42 U.S.C. §1983.

62. As a direct and proximate result of Marino and Does #1-3's use of excessive force against Plaintiff, eight of Plaintiff's teeth were knocked out, his lip was cut so badly that he required stitches, and he incurred bruises all over his body.

## VIII. FOURTH CAUSE OF ACTION- ENTITY LIABILITY
## (Against Defendant City of New York)

63. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 62 of this Complaint with the same force and effect as though fully set forth herein.

64. On information and belief, the failure of responsible officials of the City of New York to maintain appropriate customs, policies, and practices regarding the supervision and/or training of NYPD officers led to Defendants' deprivation of Plaintiff's rights under the United States Constitution.

65. Responsible officials of Defendant City of New York knew or should have known that if they failed to supervise or train officers of the NYPD effectively so as to instruct them as to the proper degree of force to use against people being arrested, and to deter them from using excessive force, the obvious consequence would be that some officers would nonetheless use force in excess of what is legally permissible and violate the constitutional rights of individuals, for reasons such as to remove any chance that a suspect will fail to comply with the officer's orders, to induce a suspect into confessing or divulging the name of an associate, or to retaliate against a suspect who the officer believes has disrespected him/her or caused him/her offense.

66. Responsible officials of Defendant City of New York knew that when NYPD officers confront situations in which there were powerful incentives to use excessive force against people being arrested, if those officers were properly supervised and disciplined, they would almost always be deterred from using excessive force due to the understanding that they would be held liable if they do so, and if those officers were properly trained, they would be fully aware of (A) the proper degree of force that is permitted to be used in a given situation, (B) their responsibilities under the law to not exceed the degree of force that is legally permissible in a given situation, and (C) the consequences they would face for using excessive force.

67. Responsible officials of Defendant City of New York knew that the consequences of the use of excessive force by NYPD officers against individuals being arrested would be the deprivation of the Fourth Amendment rights of those individuals.

68. Responsible officials had a duty to supervise and train officers of the NYPD effectively, and said officials' failure to do so represents a deliberate indifference to the constitutional rights of Plaintiff and other individuals who were victims of excessive force during their arrests.

69. The failure of responsible officials of Defendant City of New York to respond in a timely and effective fashion to properly supervise and/or discipline Defendants so as to prevent them from violating the constitutional rights of individuals by using excessive force against people being arrested signifies a policy or custom of inaction by those officials, representing a further deliberate indifference to the constitutional rights of Plaintiff.

70. As a direct and proximate result of the aforementioned acts of responsible officials of Defendant City of New York, eight of Plaintiff's teeth were knocked out, his lip was cut so badly that he required stitches, and he incurred bruises all over his body.

71. As a result of the foregoing, Plaintiff sustained the damages previously described, and seeks compensatory damages from the City of New York.

**WHEREFORE** Plaintiff demands judgment against Marino and Does #1-3 in the amount of One Million Dollars ($1,000,000.00) in compensatory damages and Five Million Dollars ($5,000,000) in punitive damages on the First, Second, and Third causes of action, and against the City of New York in the amount of One Million Dollars ($1,000,000.00) in compensatory damages on the Fourth cause of action, together with attorneys' fees, and the costs and disbursements associated with bringing this action.

Dated: New York, New York                          Respectfully submitted,
       August 29, 2013                          LEBOW & ASSOCIATES, PLLC

                                                                */s/ James B. LeBow*
                                                                 _____
                                                                 James B. LeBow, Esq. (JL4535)

570 Lexington Avenue, 16th Floor
New York, New York 10022
Tel. (212) 868-3311
Fax (646) 619-4555